Alyson Dykes (State Bar No. 319835)
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 310
Corona, Ca 92880
T: (657) 500-4317
F: (657) 227-0270
AlysonD@jlohman.com

Attorney for Plaintiff
WANDA GARCIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA GARCIA, | Case No.: |
| Plaintiff, | **COMPLAINT and JURY DEMAND** |
| vs. | **(Telephone Consumer Protection Act)** |
| CAPITAL ONE BANK (USA), N.A., | |
| Defendant. | |

WANDA GARCIA (Plaintiff), by her attorney, alleges the following against CAPITAL ONE BANK (USA), N.A. (Defendant):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone

Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in Los Angeles County, in the city of Granada Hills, California.

5. Defendant is a corporation that conducts business in the State of California with its principal place of business located in McLean, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents

employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (818) 923-30XX.

10. Defendant placed collection calls to Plaintiff's cellular telephone from phone numbers including, but not limited (800) 365-2024.  Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

11. Defendant placed collection calls to Plaintiff's cellular telephone with equipment that has the capacity to store or produce phone numbers using a random or sequential number generator and has the ability to call those numbers.

12. Sophisticated debt collectors, such as Defendant, require sophisticated phone systems that are capable of storing large amounts of phone numbers and data regarding each phone number, assuring that their employee debt collection

agents are being fully utilized, managing the large numbers of debt collection calls made during each day, and keeping track of each call as well as the performance and outcome of each call for future collection purposes.

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, WANDA GARCIA.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On April 20, 2018, Plaintiff called into Defendant's company at phone number (800) 365-2024.  Plaintiff spoke with Defendant's female representative ("Britney") and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation on April 20, 2018 Plaintiff gave Defendant her social security number and date of birth to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on April 20, 2018.

20. Defendant's representative acknowledged Plaintiff's request for the calls to stop.

21. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on April 21, 2018.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred and fifty-four (154) automated calls to Plaintiff's cell phone.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CA CIV CODE § 1788.17

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

32. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.11(d) of the RFDCPA by causing Plaintiff's cellular telephone to ring repeatedly.

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff daily, and sometimes multiple times per day, after Plaintiff had reasonably requested the Defendant stop calling her.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WANDA GARCIA, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A. for the following:

## FIRST CAUSE OF ACTION

33. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (154); $77,000.00;

34. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

35. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (154); $231,000.00;

36. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

37. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

38. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

39. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

40. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

41. Actual damages and compensatory damages according to proof at time of trial;

42. Costs and reasonable attorneys' fees, and;

43. Any other relief that this Honorable Court deems appropriate.

# JURY TRIAL DEMAND

44. Plaintiff demands a jury trial on all issues so triable.

                                    RESPECTFULLY SUBMITTED

Dated: October 18, 2018        By:   */s/ Alyson Dykes*
                                              Alyson J. Dykes
                                            LAW OFFICES OF JEFFREY LOHMAN, P.C.
                                            Attorney for Plaintiff WANDA GARCIA