**FAEGRE BAKER DANIELS LLP**
MICHAEL JAEGER (SBN 289364)
*Michael.jaeger@FaegreBD.com*
11766 Wilshire Blvd., Suite 750
Los Angeles, California 90025
Telephone:  +1.310.500.2090
Facsimile:   +1.310.500.2091

Attorneys for Defendants,
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WANDA GARCIA,<br><br>          Plaintiff,<br><br>     vs.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>          Defendant. | Case No. 2:18-CV-09030-DMG-MAA<br><br>Honorable Dolly M. Gee<br>Magistrate Judge Maria A. Audero<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:   October 19, 2018 |

Defendant Capital One Bank (USA), N.A., ("Capital One"), now answers the Complaint filed by plaintiff Wanda Garcia ("Plaintiff") as follows:

Except as expressly admitted or qualified below, Capital One denies each and every allegation of the Complaint.

1. Answering paragraph 1, Capital One admits that it knowingly attempted to reach Plaintiff by telephone to make payment arrangements on her past-due Capital One credit card accounts. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone owned or regularly used by Plaintiff and therefore denies the allegation. Capital One admits that Plaintiff alleges claims based on the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Capital One denies it violated the TCPA and denies it violated the RFDCPA. Capital One denies any remaining allegations set forth in paragraph 1.

**JURISDICTION AND VENUE**

2. Answering paragraph 2, Capital One admits that jurisdiction in this Court is proper, except that Capital One denies that Plaintiff has Article III standing under the United States Constitution. Capital One denies any remaining allegations set forth in paragraph 2.

3. Answering paragraph 3, Capital One admits that venue in this Court is proper. Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff resides within this District and therefore denies the allegation. Capital One denies the remaining allegations set forth in paragraph 3.

**PARTIES**

4. Answering paragraph 4, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

5. Answering paragraph 5, Capital One admits that it is a national banking association that does business in the State of California with a principal place of

1  business located in Glen Allen, Virginia. Capital One denies the remaining allegations
2  set forth in paragraph 5 of the Complaint.

3      6.    Answering paragraph 6, Capital One denies the allegations.

**FACTUAL ALLEGATIONS**

7.    Answering paragraph 7, Capital One states that the allegations constitute a legal conclusion that requires no response. To the extent that a response is required, Capital One denies that 47 U.S.C. § 153(10) defines "person" and therefore denies the allegations.

8.    Answering paragraph 8, Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on her past-due Capital One credit card accounts. Capital One denies any remaining allegations in paragraph 8.

9.    Answering paragraph 9, Capital One admits that it attempted to reach Plaintiff at the telephone number alleged, (818) 923-30XX, to make payment arrangements on her past-due Capital One credit card accounts. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies any remaining allegations set forth in paragraph 9.

10.   Answering paragraph 10, Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on her past-due Capital One credit card accounts. Capital One admits that (800) 365-2024 is a number assigned to it, but is unable to determine what number may have appeared on Plaintiff's caller identification. In light of this fact, Capital One denies the allegations. Capital One denies the remaining allegations set forth in paragraph 10.

11.   Answering paragraph 11, Capital One states that the allegations constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations.

12.   Answering paragraph 12, Capital One lacks information or knowledge

sufficient to form a belief as to the truth of the allegations and therefore denies them.

13. Answering paragraph 13, Capital One states that the allegations constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations.

14. Answering paragraph 14, Capital One admits that its calls made to make payment arrangements on Plaintiff's past-due Capital One credit card accounts were not made for emergency purposes, but Capital One denies that 47 U.S.C. § 227(b)(1)(A) defines "emergency purposes" and therefore denies the allegations.

15. Answering paragraph 15, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

16. Answering paragraph 16, Capital One denies the allegations.

17. Answering paragraph 17, Capital One admits that Plaintiff called Capital One and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with the recording. Capital One denies that Plaintiff effectively requested that calls cease. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the remaining allegations in paragraph 17 as to when this call allegedly took place. In light of this fact, Capital One currently denies the allegations.

18. Answering paragraph 18, Capital One admits that Plaintiff called Capital One and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with the recording. Capital One denies that Plaintiff effectively requested that calls cease. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the remaining allegations in paragraph 18 as to when this call allegedly took place. In light of this fact, Capital

One currently denies the allegations.

19. Answering paragraph 19, Capital One admits that Plaintiff called Capital One and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with the recording. Capital One denies that Plaintiff effectively requested that calls cease. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the remaining allegations in paragraph 19 as to when this call allegedly took place. In light of this fact, Capital One currently denies the allegations.

20. Answering paragraph 20, Capital One denies the allegations.

21. Answering paragraph 21, Capital One denies the allegations.

22. Answering paragraph 22, Capital One admits that it placed at least 154 calls to Plaintiff in an effort to make payment arrangements on her past-due Capital One credit card account after April 20, 2018. Capital One denies its calls violated the law. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies the remaining allegations in paragraph 22 of the Complaint.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

23. Answering paragraph 23, Capital One repeats and incorporates by reference into this answer its responses to the allegations set forth above at paragraphs 1-22.

24. Answering paragraph 24, Capital One denies the allegations.

25. Answering paragraph 25, Capital One denies the allegations. Capital One

5

further denies that Plaintiff is entitled to the relief sought in paragraph 25.

26. Answering paragraph 26, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 26.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.***

27. Answering paragraph 27, Capital One repeats and incorporates by reference into this answer its responses to the allegations set forth above at paragraphs 1-26.

28. Answering paragraph 28, Capital One denies the allegations.

29. Answering paragraph 29, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 29.

30. Answering paragraph 30, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 30.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**
**CAL. CIV. CODE, § 1788.17**

31. Answering paragraph 31, Capital One repeats and incorporates by reference into this answer its responses to the allegations set forth above at paragraphs 1-30.

32. Answering paragraph 32, including subparts (a) and (b), Capital One denies the allegations.

**PRAYER FOR RELIEF**

Capital One further denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" paragraph following paragraph 32 of the Complaint.

## FIRST CAUSE OF ACTION

33. Answering paragraph 33, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 33.

34. Answering paragraph 34, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 34.

## SECOND CAUSE OF ACTION

35. Answering paragraph 35, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 35.

36. Answering paragraph 36, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 36.

## THIRD CAUSE OF ACTION

37. Answering paragraph 37, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 37.

38. Answering paragraph 38, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 38.

39. Answering paragraph 39, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 39.

40. Answering paragraph 40, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 40.

## ON ALL CAUSES OF ACTION

41. Answering paragraph 41, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 41.

42. Answering paragraph 42, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 42.

43. Answering paragraph 43, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 43.

## JURY TRIAL DEMAND

44. Answering paragraph 44, Capital One admits only that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint, Capital One asserts the following affirmative defenses:

### First Affirmative Defense: Consent

1. The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given her consent.

2. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3. Capital One has received consent to place calls to the telephone number identified by Plaintiff in her Complaint, through customer agreements, written or verbal statements, provision of the numbers, or otherwise, and thus her claims are barred.

### Second Affirmative Defense: Constitutionality of Statutory Damages

4. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

5. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

6. When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense: Offset

8. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9. Plaintiff has accounts with Capital One upon which she owes.

10. Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Plaintiff to Capital One at the time any judgment is entered.

### Fourth Affirmative Defense: Lack of Standing

11. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that Plaintiff is in the zone of interests the TCPA is intended to protect.

13. To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

### Fifth Affirmative Defense: Unintentional Violation

14. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

15. Capital One has implemented procedures to prevent violations of law.

16. If any violation of law occurred, which Capital One expressly denies, the violation was not intentional.

17. If any violation of law occurred, it resulted from a *bona fide* error for which there can be no civil liability.

### Sixth Affirmative Defense: Failure to Mitigate

18. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

19. Plaintiff failed to mitigate her damages, if any.

### Reservation of Rights

20. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

21. Capital One presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available. Capital One expressly reserves the right to allege and assert any additional and/or further defenses as may be appropriate as this action proceeds.

WHEREFORE, Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant Capital One any such further relief to which it may be entitled.

DATED: January 18, 2019            **FAEGRE BAKER DANIELS LLP**

By: /s/ *Michael Jaeger*
    Michael Jaeger

    *Attorneys for Defendant*
    CAPITAL ONE BANK (USA), N.A.